UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

March 23, 2010

Frederick A. Raab, Esq.
Mignini & Raab, LLP
606 Baltimore Avenue, Suite 100
Towson, MD 21204

Allen F. Loucks, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

**Re: Michael Kramer Sr. v. Michael J. Astrue, Commissioner of Social Security, PWG-08-758**

Dear Counsel:

Pending before the undersigned, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Kramer's claim for Disability Insurance Benefits ("DIB"). (Paper Nos. 8, 15, 32). The Plaintiff also filed a response to Defendant's Motion. (Paper No. 33). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Mr. Kramer ("Claimant") applied for DIB[1] on September 1, 2004, alleging that he was disabled as of April 30, 2003, due to

---

[1] In his Motion for Summary Judgment Claimant argued the ALJ erred by failing to consider whether he was entitled to benefits pursuant to an application under Title XVI for Supplemental Security Income ("SSI") in addition to his application filed under Title II for DIB. (Paper No. 31). However in his response to Defendant's Motion, the Claimant stated he agrees with the Defendant that no such application is in Claimant's file, and that any entitlement to benefits would be limited to his Title II application. (Paper No. 33).

arthritis in his back, lumbar sprain, pinched nerves, obesity, an affective disorder, and depression. (Tr. 13, 79).  His claim was denied initially, and upon reconsideration. (Tr. 46-55).  After a hearing held on July 20, 2007, before an Administrative Law Judge, the Honorable Victor L. Cruz, ("ALJ") Mr. Kramer's claim was denied in a decision dated September 11, 2007.  The ALJ found that Claimant retained the residual functional capacity ("RFC") to perform less than a full range of light work[2] and that based on his RFC, he was not able to perform any of his past relevant work ("PRW").(Tr. 19). After receiving testimony from a vocational expert ("VE"), the ALJ found that work was available in the local and national economies that Claimant could perform.  Accordingly, the ALJ found that Mr. Kramer was not disabled. (Tr. 11-21).  On February 8, 2006, the Appeals Council denied Claimant's request for review, making his case ready for judicial review. (Tr. 3-6).

Claimant raises several arguments in support of his contention that the Commissioner's final decision should be reversed.  The undersigned has considered all of the arguments and for the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Mr. Kramer first argues that the ALJ incorrectly analyzed his complaints of pain and the effects it had on his ability to perform work.  Because pain itself can be disabling, "it is incumbent upon the ALJ to evaluate the effect of pain on a claimant's ability to function." *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); *see also Myers v. Califano*, 611 F.2d 980, 983 (4th Cir. 1980).  In this Circuit, it is well-established that an ALJ must follow the two-step process for assessing complaints of pain as set forth in *Craig v. Chater*, 76 F.3d 585,594-596 (4th Cir. 1996). *See, e.g., Ketcher v. Apfel*, 68 F. Supp. 2d 629, 652-653 (D. Md. 1999); *Hill v. Comm'r.*, 49 F. Supp. 2d 865, 868 (S.D.W.Va. 1999).  First, the ALJ must determine whether there is objective evidence showing the existence of a medical impairment that reasonably could be expected to cause the pain the claimant alleges he or she suffers. *Craig*, 76 F.3d at 594, *citing* 20 C.F.R. §404.1529(b).  This first prong,

---

[2] The ALJ found Mr. Kramer's capacity for a full range of light work was diminished by the following: he can sit for six hours in an eight-hour workday for 25 minutes at a time; stand and /or walk six hours in an eight-hour workday with the option to alternate sitting and standing at will every 30 minutes; he can only occasionally climb, balance, and stoop; he should avoid excessive noise; and he can perform only simple, repetitive, tasks with minimal interaction with co-workers and the general public and; can only tolerate minimum stress. (Tr. 15).

2

however, does not require a determination regarding the intensity, persistence, or functionally limiting effects of the pain asserted. *Id.* This is reserved for the second inquiry, which is an evaluation of the "intensity and persistence of the claimant's pain, and the extent to which it affects the claimant's ability to work." *Craig,* 76 F.3d at 595. Importantly in assessing the intensity and persistence of claimant's pain, claims of disabling pain may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of her pain. 20 C.F.R. §404.1529(c)(2).

Here, it is not the first prong of the *Craig* test that is challenged: clearly, the ALJ found that Mr. Kramer suffers from medical impairments reasonably expected to cause pain, namely his low back pain and his depression. It is the intensity of his pain, its duration and limiting effects that the ALJ questioned. (Tr. 17-19). In the ALJ's opinion, the claimant's statements regarding his impairments and their impact on his ability to work were "not entirely credible" based on the evidence about his own activities, his history of treatment and medications, and other evidence in the record. (Tr. 17-21). After review of the ALJ's decision, I find the ALJ recognized his duty and evaluated properly Mr. Kramer's chronic back pain, depression, and allegations of pain. The ALJ did not rely solely on the existence or nonexistence of objective medical records in judging the intensity and persistence of Claimant's pain. Rather, the ALJ also evaluated the evidence submitted by Mr. Kramer regarding his activities, the treatments he follows--including medications[3], and his testimony at the hearing. (Tr. 17-20,407-413). These factors, coupled with Mr. Kramer's testimony regarding his activities, were appropriately considered,[4]

---

[3] The ALJ noted Claimant's testimony that he takes care of his disabled girlfriend, and that he currently takes no medication for pain because he can't afford it. The Alj also noted that medical records from a series of hospital visits in the past stated that Claimant received vicodin, methadone, and percocet for his pain. (Tr. 16, 19-20).

[4] SSR 96-7p provides: the adjudicator must consider certain factors "in addition to the objective medical evidence when assessing the credibility of an individuals statements": Those factors include 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than

and they provide substantial support for the ALJ's conclusion. Accordingly, there is substantial evidence to support the ALJ's analysis of Mr. Kramer's allegations of pain.

Claimant also argues that the ALJ failed to properly consider his mental condition. Specifically, he argues the ALJ erred by finding that he had only "mild" restrictions in three areas of functioning with respect to his mental impairments. This argument is without merit. First, the ALJ adequately documented his findings with reference to 20 CFR §404.1520a which requires ALJ's to follow a special technique when mental impairments are alleged. (Tr. 14-19). The ALJ clearly explained that in making his findings, he was giving "great weight" to exhibits 9F, 10F, and 13F. (Tr. 15). The Court fails to find that the ALJ's analysis departs from the analysis that the Regulation requires. The evidence in the record supports findings that Claimant was limited in these areas as the ALJ found. In his decision, the ALJ discussed the Claimant's evaluating psychologist's notes where his GAF was assessed as 50, but the doctor also noted that Claimant was limited to following "simple, repetitive, and routine tasks where there would not be a lot of pressure on him to complete that work quickly." *See* Exhibit 9-F (Tr. 225). This evidence was discussed by the ALJ and corresponds with the limitations found in the record and with Mr. Kramer's RFC. Finally, the ALJ's hypotheticals recognized Mr. Kramer's need for work that was simple and unskilled, i.e., did not require complex or detailed job instructions and minimal interaction with the public and coworkers. (Tr. 15, 425). In sum, the hypotheticals presented to the VE with the limitations the ALJ described, are supported by substantial evidence. *See* SSR 96-8p (1996 WL 374184 *7 (S.S.A)) See also SSR 96-9p (1996 WL 374185 **9).

Finally, Claimant argues that there is no evidence that he can perform "light" work and that the ALJ erred by affording persuasive weight to the opinion of the non-examining State Agency psychologists and the consultative physical examiner, Dr.

---

medication, the individual receives or has received for relief of pain or other symptoms ; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board ); and  7. Any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms. SSR 96-7p (1996 WL 374186, *2 (S.S.A.))

Korabathina[5].  I disagree.   SSR 96-6p provides that an ALJ may afford great weight to non-examining state agency physicians' opinions.[6]  When viewed in its entirety, as is required, the evidence in the record supports the ALJ's determination to afford considerable weight to the DDS physician's assessments.   In sum, the ALJ provided an adequate explanation for his decision that Mr. Kramer could perform a range of light work.

Thus, for the reasons given, this Court DENIES Mr. Kramer's Motion and GRANTS the Commissioner's Motion for Summary Judgment. A separate Order shall issue.

Sincerely,

/s/
3/23/10                              Paul W. Grimm
                                     United States Magistrate Judge

---

[5] Claimant's counsel attached medical evidence from Dr. David Scharff to the Memorandum filed with this Court.  There is nothing in the record indicating that this evidence was ever submitted to the Agency and/or the Appeals Council.  This evidence was created after the date of the Appeals Council Action. Claimant requests this evidence be "made a part hereto" and considered by this Court in determining whether the ALJ's decision is supported by substantial evidence. However, the district court may not consider evidence that was not before the Commissioner. *Smith v. Chater*, 99 F.3d 635, 638 n. 5 (4th Cir. 1996).  Furthermore, Claimant's counsel has not shown that this evidence is new, material, or that there was good cause for failing to present this evidence to the Commissioner earlier. *Miller v. Barnhart*, 64 Fed. Appx. 858, 2003 WL 1908920 (C.A. 4 (Va.))(Reviewing court may remand case to Commissioner on basis of new evidence only if prerequisites are met).

[6] SSR 96-6p, in relevant part, states:*3 In appropriate circumstances, opinions from State agency medical and psychological consultants and other program physicians and psychologists **may be entitled to greater weight than the opinions of treating or** examining sources. SSR 96-6P, 1996 WL 374180 at *2*3(S.S.A.)(emphasis added).

5